Tyrone Gregory **BEVERLY,**
Plaintiff—Appellant,

v.

**COSTCO, WHOLESALE CORPORATION; et al.,**
Defendants—Appellees.

No. 04–15808.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided Dec. 27, 2005.

---

** Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

Algimantas J. Bruzas, Esq., Barry Levinson, Esq., Gerald Netzky, Las Vegas, NV, for Plaintiff–Appellant. Stacy D. Shartin, Esq., Seyfarth Shaw, LLP, Los Angeles, CA, Joanna S. Kishner, Esq., Dla Piper Rudnick Gray Cary, US LLP, Las Vegas, NV, for Defendants–Appellees.

Before: TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

Tyrone Gregory Beverly appeals the grant of summary judgment in favor of defendant Costco Wholesale Corp. (Costco). Beverly alleges that he was discriminated against on the basis of race and age when Costco failed to promote him and then terminated him the following year, in violation of 42 U.S.C. § 2000e *et seq.* (Title VII), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(c)(1). Beverly also alleges that he was subjected to racial harassment in the workplace, for which he filed a grievance with the Nevada Equal Employment Opportunity Commission (EEOC) in February 2001. Beverly was terminated in March 2002, and he further claims that he was fired in retaliation for his EEOC complaint. Finally, Beverly alleges that Costco breached its employment contract with him in violation of Nevada state law and 42 U.S.C. § 1981. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review *de novo* the district court's grant of summary judgment, drawing all reasonable inferences in favor of the non-moving party to determine whether any genuine issues of material fact remain. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir.2003).

First, Beverly challenges the district court's dismissal of his promotion and termination claims. We agree, however, that Beverly presented insufficient evidence to show that Costco acted on a pretextual basis when Beverly was passed over for promotion and then terminated.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

The district court also properly dismissed Beverly's claims of retaliation under the ADEA and Title VII. In light of the thirteen months that passed between the time of Beverly's EEOC grievance and his termination, and the fact that Beverly was promoted in the interim by the same manager that ultimately fired him, the district court properly concluded that Beverly had failed to establish a causal connection between his EEOC filing and his termination. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 (9th Cir. 2002)("[I]n order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression.") (internal quotations omitted).

Next, we agree with Costco that Beverly failed to present sufficient evidence to show that he was subjected to a severe or pervasive racially hostile work environment. *See McGinest v. GTE Service Corp.,* 360 F.3d 1103, 1112 (9th Cir.2004). Thus, Beverly's racial harassment claim fails.

With respect to Beverly's breach of contract claims, Costco demonstrated proper cause to terminate Beverly following a thorough and reasonable investigation into complaints about his conduct toward other employees. The Nevada Supreme Court has held that "a discharge for 'just' or 'good' cause is one which is not for any arbitrary, capricious, or illegal reason and which is one based on facts (1) supported by substantial evidence, and (2) reasonably believed by the employer to be true." *Southwest Gas Corp. v. Vargas,* 111 Nev. 1064, 901 P.2d 693, 701 (1995). We agree with the district court that the record lacks any evidence to suggest that Costco made an arbitrary, capricious, or illegal decision to terminate Beverly. On the contrary, Costco's decision to terminate Beverly was reached by a committee of five independent Costco executives and was based on substantial evidence that had been collected over a month-long investigation.

For the same reasons that we agree with the district court's dismissal of Beverly's wrongful termination and breach of contract claims, we affirm summary judgment on Beverly's 42 U.S.C. § 1981 claim.

**AFFIRMED.**